UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DI'JON Q. STOCKER,

Plaintiff,

v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, CITY OF LAS VEGAS,
ROBERT DANTE,

Defendants.

Case No. 2:26-cv-00492-CDS-EJY

**ORDER**
**and**
**REPORT and RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted. For the reasons explained below, the Court recommends Plaintiff's Complaint be dismissed without prejudice, but without leave to amend.

**I.    Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under

1

Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

Plaintiff asserts Fifth and Fourteenth Amendment claims against all three defendants claiming he was denied a fair trial (Claim 1) and the right to introduce evidence at trial (Claim 2). ECF No. 1-1 at 6-13. In sum, Plaintiff asserts Defendants failed to collect and preserve evidence, and introduced false information and testimony to the court, each resulting in violations of his due process rights. *Id*. To this end Plaintiff alleges the victim's statement was taken while she was under the influence of oxycodone, no evidence of male DNA was found on the victim, a video made by a private entity was not preserved, and various false documents and testimony were provided by Robert Dante and Las Vegas Metropolitan Police Department ("LVMPD"). *Id*. at 2-13. Plaintiff alleges that had these violations not taken place it "would have changed the entire outcome of the criminal proceedings." *Id*. at 11.

Setting aside that the Fifth Amendment does not apply to the state or state actors,[1] and Plaintiff fails to state claims against LVMPD and the City of Las Vegas,[2] Plaintiff's causes of action are barred as a matter of law under *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a plaintiff who is convicted of a crime is barred from bringing civil rights claims if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.  *Id*. at 487.  If a plaintiff brings a Section 1983 case alleging constitutional violations that would necessarily imply the invalidity of a conviction or sentence, that plaintiff must establish that the underlying sentence or conviction was invalidated on appeal, through a habeas petition, or through a similar proceeding.  *Id*. at 486-87.

Here, Plaintiff clearly attacks the validity of his sentence claiming that LVMPD and individual Defendant Dante failed to collect and preserve video evidence and misrepresented the victim's testimony.  He alleges there was no evidence of male DNA found on the victim, and that Dante specifically falsified documents in his "Declaration of Warrant/Summons."  Plaintiff takes pains to summarize the victim's voluntary statement alleging inconsistencies and pointing to Dante's alleged false statements that misrepresented what the victim said and what he (Dante) knew to be true (*e.g.* stating Plaintiff declined to be interviewed when he was, in fact, interviewed).  Plaintiff fails to allege, and nothing in his Complaint suggests, his conviction was invalidated on appeal, by a habeas petition, or any other similar proceeding.  These challenges to Plaintiff's prosecution and conviction fall squarely within the *Heck* bar.  *See Mayfield v. City of Mesa*, Case No. CV-22-02205-PHX-JAT, 2023 WL 7018051, at *3 (D. Ariz. Oct. 25, 2023), *aff'd*, 131 F.4th 1100 (9th Cir. 2025) (finding *Heck* barred a claim that officers violated the "[p]laintiff's due process rights and invalidly arrested her and collected evidence that supported the charges against her."); *Huskic v. Ada County*, Case No. 1:23-cv-00538-DCN, 2025 WL 188732, at *2 (D. Id. July 7, 2025) (finding *Heck* barred the plaintiff's "claims against the City, the Prosecutor, and the BPD that turn on allegations of official misconduct during the criminal investigation and prosecution."); *Rodriguez v. Kwok*, Case No. C

[1]    *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (explaining that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.")
[2]    *Monell v. Dept. of Soc. Servs*, 436 U.S. 658 (1978).

13-04976 SI, 2014 WL 2110256, at *2 (N.D. Cal. May 20, 2014) (finding the plaintiff's claims that exculpatory evidence was "withheld in violation of *Brady v. Maryland*" and the defendant gave false testimony against him during his criminal trial were barred by *Heck*.).

Based on the foregoing clearly applicable law, the Court finds each and all of Plaintiff's claims are barred by *Heck*. Thus, Plaintiff's Complaint is properly dismissed without prejudice, but without leave to amend. Should Plaintiff's conviction be overturned in the future, he is not barred from refiling a complaint.

**III.   Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pautperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

**IV.   Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice, but without leave to amend.

Dated this 8th day of June, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).